**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TIM L. BANKS,**

    **Petitioner,**

  v.                                      **CASE NO. 2:05-cv-00697
                                                    JUDGE SMITH**

**JEFFREY WOLFE, Warden,                  MAGISTRATE JUDGE KEMP**

    **Respondent.**

**ORDER**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Respondent has filed a request for a stay of proceedings pending petitioner's exhaustion of state court remedies as to his claims. Doc. No. 9. For the reasons that follow, respondent's request for a stay is **DENIED**. Respondent is **DIRECTED** to file a return of writ within twenty (20) days of the date of this order. Petitioner may file a reply within fifteen (15) days thereafter.

In claim seven of his habeas corpus petition, petitioner asserts that he was denied a fair trial because the prosecutor failed to disclose exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Petition*, at 18. This claim was raised by petitioner in an October 4, 2004, petition for post conviction relief, which action is apparently still pending in the state trial court. *See Supplemental Response*, Doc. No. 12. Respondent has therefore filed a request for a stay of proceedings pending petitioner's exhaustion of this claim in the state courts. Doc. No. 9.

As previously noted by the Court, inordinate delay in adjudication of claims by the state courts justifies excusing of the exhaustion requirement.

> The exhaustion requirement is based on principles of comity and federalism. It provides state courts an opportunity to address alleged flaws in their criminal procedures. The requirement is based on the presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights....
>
> In *Workman v. Tate*, *supra,* this Court held that a habeas corpus petitioner's failure to exhaust state remedies should be excused where his "petition for post-conviction relief has languished in state court for more than three years." *Workman,* 957 F.2d at 1344. This court reasoned that the state court's inordinate delay in adjudicating the petitioner's claims rendered the state procedures "ineffective or inadequate" and thus "undercut" the foundation of the exhaustion requirement. *Id.* at 1344....
>
> In *Harris v. Champion*, 938 F.2d 1062, 1066 (10th Cir.1991), the Court of Appeals for the Tenth Circuit held that the failure of the Oklahoma public defender to pursue the petitioner's state court appeal excused the petitioner from satisfying the exhaustion requirement of 28 U.S.C. § 2254 where such failure resulted in a projected four-year delay in the petitioner's case.
>
> \*\*\*
>
> In *Carpenter v. Young*, 50 F.3d 869 (10th Cir.1995), the Court of Appeals for the Tenth Circuit applied the rule stated in *Harris v. Champion, supra* and held that the exhaustion requirement should be excused and the petitioner entitled to habeas relief unless the state could justify the two-year delay in adjudicating his appeal. Carpenter, 50 F.3d at 870.

*Turner v. Bagley*, 401 F.3d 718, 724-25 (6th Cir. 2005).

Here, the record reflects that petitioner first filed his petition for post conviction relief with the state trial court on October 4, 2004. He asserted that he had been denied the effective assistance of counsel because his attorney had failed to properly investigate and present evidence, specifically, an interview conducted by Detective David McKee of Trey Drew-Horton. *See* Exhibit 19 to Return of Writ. Thereafter, on April 29, 2005, he amended his petition for post conviction relief to additionally assert that he had been denied a fair trial when the prosecutor failed to disclose a copy

of McKee's report detailing his interview with Horton.[1] *See Exhibit 20 to Return of Writ*, at 7. This same claim is presented in claim seven of the instant federal habeas corpus petition. Further, petitioner previously raised this same issue in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), wherein the state appellate court rejected his claim of ineffective assistance of appellate counsel on the merits:

> [A]ppellant complains that the state failed to provide exculpatory information in violation of Crim.R. 16(B)(1)(g). In the present case, an informational summary was provided to defense counsel at trial. Pursuant to *Brady v. Maryland* (1963), 373 U.S. 83, the state is required to disclose material evidence to defense counsel. Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. The possibility that certain undisclosed information might have been helpful to the defense or might have affected the outcome of the trial does not satisfy the requirement that the evidence be material.
>
> The record shows that defense counsel characterized the summary as similar to a summary provided to him earlier. Furthermore, appellant has not shown that the evidence was exculpatory or that there was a reasonable probability that the result of the proceeding would have been different had that information been disclosed.

Exhibit 15 to Return of Writ. On May 20, 2005, the State of Ohio filed its answer and motion to dismiss petitioner's post conviction petition. Exhibit 21 to Return of Writ. It therefore appears that petitioner's petition for post conviction relief has now been pending in the state trial court for approximately seventeen months without any action in the state courts. Further, it does not appear that the issues presented in petitioner's petition for post conviction relief are so complex as to

---

[1] Petitioner also asserted that the prosecutor knowingly presented false testimony by Trey Drew-Horton, Michelle Stone, and Sergeant Jeff Mathias, and that the "State induced ineffective assistance of counsel" by failing to provide McKee's report to defense counsel. *See* Exhibit 20 to Return of Writ.

3

require an undue amount of time for resolution of his claims. No requests for discovery or other motions have been filed in regard to petitioner's post conviction petition, nor does it appear that an evidentiary hearing has been scheduled. Respondent has offered no justification for the state court's failure to render a decision or take any action on petitioner's post conviction action for the time period at issue, nor does it appear from the record that a ruling by the state trial court on petitioner's post conviction action is forthcoming. To stay proceedings under such circumstances at this time for a decision by the state courts would be to simply cause further delay in adjudication of petitioner's federal habeas corpus petition.

In view of all of the foregoing, respondent's request to stay proceedings pending petitioner's exhaustion of state court remedies, Doc. No. 9, is **DENIED**. Respondent is **DIRECTED** to file a a. return of writ within twenty (20) days of the date of this order. Petitioner may file a reply within fifteen (15) days thereafter.

**IT IS SO ORDERED.**

/s/ Terence P. Kemp
United States Magistrate Judge