IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIM L. BANKS,**

    **Petitioner,**

    v.                                  **CASE NO. 2:05-cv-00697**
                                        **JUDGE SMITH**

**JEFFREY WOLFE, Warden,**          **MAGISTRATE JUDGE KEMP**

    **Respondent.**

## OPINION AND ORDER

On May 30, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed.  Petitioner has filed objections to the Magistrate Judge's recommendations, a request to conduct discovery, a request for an evidentiary hearing, and a request for bail.  Doc. Nos. 25-28.  For the reasons that follow, petitioner's objections are **OVERRULED;** his request for bail, an evidentiary hearing, and discovery all are **DENIED.**  Petitioner seeks to conduct discovery in support of claims one, four and seven.  These claims involve petitioner's allegations that he was denied his right to confront witnesses through admission, *inter alia*, of a 911 tape; that he was denied the effective assistance of counsel because his attorney failed to call Detective McKee to discredit Trey Horton's trial testimony that he told police that he had seen petitioner with a gun; and that he was denied a fair trial because the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to timely provide McKee's report detailing Horton's police interview or the police summary of Michelle Stone's statement.  Petitioner specifically requests:

    1. A certified transcription of the 911 tape.

>2. A deposition of Christopher Cooper, petitioner's trial attorney.
>
>3. All documents in possession of the Columbus Police Department, including S.W.A.T., regarding this case, a deposition of the police custodian of records, all documents in possession of the Franklin County Prosecutor and Office of the Attorney General in regard to this case, and depositions of Officer Buck, Detective McKee, and Detective Weeks.

*Discovery Request,* Doc. No. 26.

The discovery processes contained in the Federal Rules of Civil Procedure do not automatically apply to habeas corpus actions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). In *Harris v. Nelson,* 394 U.S. 286, 295, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), the United States Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas corpus proceedings. Following *Harris,* the Rules Governing Section 2254 Cases In United States District Courts were promulgated in 1976. Specifically, Rule 6(a) provides-

>A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only " 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ⋯ entitled to relief⋯." ' *Bracy,* 520 U.S. at 908-909 (quoting *Harris,* 394 U.S. at 300). *See also Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir.2001).

>The burden of demonstrating the materiality of the information

> requested is on the moving party." *Stanford,* 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson,* 120 F.3d 551, 562 (5th Cir.1997); *see also Stanford,* 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact ." *Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir.1994).

*Williams v. Bagley,* 380 F.3d 932, 975 (6th Cir.2004). Upon review of the entire record, this Court is not persuaded that petitioner has met this standard. Petitioner's request for discovery is therefore **DENIED**.

Turning to petitioner's objections, petitioner objects to all of the Magistrate Judge's recommendations. Specifically, petitioner objects to the Magistrate Judge's recommendation that claim six and claims eight through twelve be dismissed as procedurally defaulted. Such claims should have been raised on direct appeal, but were not. Petitioner nonetheless again contends that these claims were properly presented to the state courts and denied on the merits in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). In support of this argument, petitioner refers to *Patterson v Haskins*, 316 F.3d 596, 604-05 (6th Cir. 2003). In *Patterson v. Haskins, supra*, the United States Court of Appeals for the Sixth Circuit conditionally granted the petition for a writ of habeas corpus on a claim of improper jury instructions, which issue was first presented to the state courts in 26(B) proceedings. In *Patterson v. Haskins, supra*, the state appellate court considered the merits of the claim of improper jury instructions in 26(B) proceedings, despite trial counsel's failure to object. *Id*. Under such circumstances, the Sixth Circuit in *Patterson* held that the state courts did not "clearly and expressly" enforce the waiver that occurred in the state trial court. Such are not the circumstances here. Only claims of ineffective assistance of counsel are properly brought under Ohio's Rule 26(B). Further, the record reflects that petitioner's allegations in claims six and eight

3

through twelve were dismissed by the state appellate court in 26(B) proceedings in the context of his claim of ineffective assistance of appellate counsel. *See* Exhibit 15 to Return of Writ. Additionally, for the reasons detailed in the *Report and Recommendation*, this Court agrees that petitioner failed to establish cause and prejudice for his procedural default of claims six and eight through twelve.

Petitioner objects to the Magistrate Judge's recommendation that claim three be dismissed because he failed to fairly present such claim to the state courts as a federal constitutional issue. Petitioner again argues that this Court should consider the merits of claim three because he presented the federal constitutional issue(s) to the Ohio Supreme Court. He also asserts that the Court should address the merits of all of his waived claims because failure to do so would constitute a manifest miscarriage of justice. After review of the record, this Court is not persuaded by petitioner's arguments. As discussed by the Magistrate Judge, the Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below. *Report and Recommendation*, at 14-15. Additionally, the record does not reflect that petitioner is actually innocent so as to permit federal habeas corpus review of his procedurally barred claims:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." ... *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal

> insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005)(footnote omitted). Petitioner cannot meet this standard here.

Petitioner objects to the Magistrate Judge's recommendation that the remainder of his claims be dismissed as without merit. Petitioner again argues at length regarding the merits of all of these claims and raises all of the arguments that were previously presented. Additionally, petitioner has provided a copy of the transcript of the 911 tape that was admitted into evidence in support of his claim that he was thereby denied his right to confront witnesses. *Objections*, at 6-7; *Attachments to Objections*. In that tape, Carl Ballow, who did not testify at trial, stated:

> Yes ma'am. I have an emergency. This guy just came in and pulled a gun on me and my girlfriend.
>
> Dispatcher: Where are you at?
>
> Caller: ... Smith Road. And he got out the house now [sic], he was her ex-boyfriend.
>
> Dispatcher: What is the address where she's at?
>
> Caller: I don't know that address. He let me go.
>
> Dispatcher: What is her name?
>
> Caller: Her name was – Carl, ma'am. You better hurry up.
>
> Dispatcher: Listen. What is – What does this guy look like?

5

> Caller: He's a brown, thin guy.
>
> Dispatcher: What color of clothes does he wear?
>
> Caller: Orange and red, like orange, blue and white shirt, short. Short. Yeah. He in [sic] the house with her.
>
> Dispatcher: What is her cellphone number?
>
> Caller: Hers?
>
> Dispatcher: Uh-huh.
>
> Caller: Hers is – oh, oh – oh, God. Hold on for one minute, please. I don't even know it.
>
> Dispatcher: Does he have a car?
>
> Caller: Yes, ma'am.
>
> Dispatcher: What color car is he waiting at?
>
> Caller: I'm at Frebis and –
>
> Dispatcher: What kind of car – Could you point out which apartment it's in?
>
> Caller: I'm in a maroon Lumina.
>
> Dispatcher: Can you find out what apartment he's in?
>
> Caller: Yes, I could.
>
> Dispatcher: We'll – Okay. We'll be out to you.
>
> Caller: Ma'am, hurry up.
>
> Dispatcher: I heard you. We'll be out for you.
>
> Caller: All right.

*See Transcript* attached to petitioner's *Objections*. As discussed in the Magistrate Judge's *Report and Recommendation*, at 43-49, the state appellate court rejected petitioner's claim, holding that the

Confrontation Clause was not violated, since Ballow's statements on the 911 tape properly were admitted as exceptions to the hearsay rule under Ohio Rules of Evidence 803(1), (2), as excited utterances or present sense impressions. Exhibit 5 to Return of Writ. The United States Court of Appeals for the Sixth Circuit and other courts to consider the issue likewise have concluded that similar such statements made to a 911 operator do not constitute "testimonial" statements within the meaning of *Crawford v. Washington*, 541 U.S. 36, 54-55 (2004), and therefore are not constitutionally prohibited under the Confrontation Clause. *See United States v. Hadley*, 431 F.3d 84, 501-02 (6th Cir. 2005), *rehearing and rehearing en banc denied, petition for certiorari filed April 14, 2006*; *United States v. Brito*, 427 F.3d 53, 62-63 (1st Cir. 2005); *Norris v. Davis*, 2006 WL 1581410 (W.D. Michigan May 3, 2006); *United States v. Morrow*, unpublished, 2005 WL 3163803 (D.D.C. June 9, 2005)(citations omitted). This Court likewise concludes that petitioner's claim is without merit.

Petitioner asserts that this Court should conduct a *de novo* review of all of his claims due to the state appellate court's failure to properly employ constitutional analysis or refer to federal constitutional cases. After careful consideration of the entire record, and for reasons detailed in the Magistrate Judge's *Report and Recommendation* that will be not be repeated herein*,* this Court concludes, as did the Magistrate Judge, that petitioner's claims one, two, four, five and seven all are without merit. Petitioner has failed to establish that the state court's decision denying such claims is so unreasonable as to warrant federal habeas corpus relief. *See* 28 U.S.C. §2254(d), (e); *Williams v. Taylor*, 529 U.S. 362 (2000). Contrary to petitioner's allegation here, the record reflects that the state appellate court properly employed federal constitutional analysis in its dismissal of petitioner's federal constitutional claims. While petitioner correctly notes that the state appellate court did not

refer to *Jackson v. Virginia*, 443 U.S. 307 (1979), in its dismissal of his sufficiency of the evidence claim, that claim was dismissed under the more stringent standard of manifest weight of the evidence. *See* Exhibit 15 to Return of Writ. Further, the Supreme Court in *Early v. Packer*, 537 U.S. 3, 8 (2002), rejected the argument that a state court's decision was contrary to clearly established federal law under 28 U.S.C. §2254(d) simply because the state court had failed to cite a case of the United States Supreme Court:

> A state-court decision is "contrary to" our clearly established precedents if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor,* 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Avoiding these pitfalls does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them. The Ninth Circuit's disapproval of the Court of Appeal's failure to cite this Court's cases is especially puzzling since the state court cited instead decisions from the California Supreme Court that impose even *greater* restrictions....

*Id.* The factual findings of the state appellate court are entitled to a presumption of correctness. 28 U.S.C. §2254(e). Even under a *de novo* standard of review, petitioner's sufficiency of the evidence claim fails.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. His request for an evidentiary hearing, Doc. No. 27, and for release on bail, Doc. No. 25, are **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTE**D to enter final judgment dismissing this case.

**IT IS SO ORDERED.**

                                                      /s/ George C. Smith
                                                      GEORGE C. SMITH
                                            United States District Judge