IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIM L. BANKS,**

    **Petitioner,**

  v.                                                                              **CASE NO. 2:05-cv-00697**
                                                        **JUDGE SMITH**

**JEFFREY WOLFE, Warden,**                                 **MAGISTRATE JUDGE KEMP**

    **Respondent.**


## OPINION AND ORDER

On August 8, 2006, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on petitioner's August 16, 2006, motion to amend judgment pursuant to Federal Rule of Civil Procedure 59, and his August 21, 2006, supplement to his motion to amend judgment and motion for a new trial.  Doc. Nos. 31, 32.  For the reasons that follow, petitioner's motions are **DENIED**.[1]

---

[1] Petitioner has also filed a notice of appeal and request for a certificate of appealability. *See* Doc. Nos. 33, 35.  The filing of a notice of appeal normally divests the District Court of jurisdiction.  *See Street v. Foltz*, 852 F.2d 1288, unpublished, 1988 WL 79703 (6th Cir. July 29, 1988), citing *N.L.R.B. v. Cincinnati Bronze, Inc*., 829 F.2d 585, 588 (6th Cir.1987); *S & E Shipping Corp. v. Chesapeake & Ohio R.R. Co.*, 678 F.2d 636, 641 (6th Cir.1982); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir.1981).  However, under Federal Rule of Appellate Procedure 4(a)(4)(B)(i):

> If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of [a motion to alter or amend the judgment under Rule 59] --the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

*Id.*  Thus, this Court may consider petitioner's motions.

Rule 59 of the Federal Rules of Civil Procedure provides:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
>
> (b) Time for Motion. Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.
>
> (c) Time for Serving Affidavits. When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.
>
> (d) On Court's Initiative; Notice; Specifying Grounds. No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.
>
> (e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

In his motion to amend judgment, petitioner again objects to the Magistrate Judge's *Report and Recommendation*. He argues that his requests for an evidentiary hearing and for discovery improperly were denied, and that his claims improperly were dismissed as procedurally defaulted

2

or without merit. He complains that the Court failed to rule on claims eight and eleven of the petition, although such claims were dismissed as procedurally defaulted. *See Report and Recommendation*, at 18-19; *Opinion and Order*, at 3. Petitioner also again asserts that he is the victim of a fundamental miscarriage of justice. He states that he has new exculpatory evidence that calls into question the credibility of state witnesses; however, the exhibits attached in support of petitioner's motion appear to already have been made a part of the record before this Court. *Motion to Alter or Amend Judgment*, Doc. No. 31, at 5, and *Exhibits to Motion to Alter or Amend Judgment*. Petitioner again argues that he was denied the right to confront witnesses by admission of the 911 tape at trial. In his supplemental motion to alter or amend judgment, petitioner again argues that the prosecutor knowingly elicited false testimony from prosecution witness Trey Horton regarding whether Horton had seen petitioner with a gun on the night in question. Petitioner also again argues that the prosecutor knowingly elicited false testimony from Michelle Stone.

As a threshold matter, this Court must determine whether petitioner's motion is properly construed as a successive petition under the Antiterrorism and Effective Death Penalty Act (AEDPA),[2] or whether the Court has jurisdiction to consider petitioner's motion under Federal Rule of Civil Procedure 59. *See Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005). In *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), the Supreme Court held that a 60(b) motion raising claims and arguments like those raised herein must be construed as a successive petition:

---

[2] 28 U.S.C. §2244(b)(3)(A) provides:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

3

In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v. United States*, 367 F.3d 74, 80-81 (C.A.2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe*, 324 F.3d 66, 69 (C.A.1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher*, 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell*, supra, at 71-72; *Dunlap, supra*, at 876.

We think those holdings are correct....

Using Rule 60(b) to present new claims for relief... --even claims couched in the language of a true Rule 60(b) motion--circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

4

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief... will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, [FN4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. [FN5]

FN4. The term "on the merits" has multiple usages. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

FN5. Fraud on the federal habeas court is one example of such a defect. *See generally Rodriguez v. Mitchell*, 252 F.3d 191, 199 (C.A.2 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, *see, e.g., supra*, at 2647, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's... conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.

*Id.*, at 2647-2648 (citation omitted).   The United States Court of Appeals for the Sixth Circuit has not addressed whether the rationale of *Gonzalez v. Crosby, supra,* applies to motions filed under Federal Rule of Civil Procedure 59.  Other courts to consider the issue have concluded that it does:

> On its face, *Gonzalez* is confined to motions for relief from judgment pursuant to Rule 60(b). Nonetheless, it is not apparent why the *Gonzalez* rationale should not extend to encompass Rule 59(e) motions, as well. After all, the Eleventh Circuit and other courts have recognized that a primary determinant of whether a motion to reconsider is classified as a Rule 59(e) motion or a Rule 60(b) motion is whether it was filed within 10 days after the judgment. *See, e.g., Mahone v. Ray*, 326 F.3d 1176, 1177- 78 n. 1 (11th Cir.2003) (motion to reconsider filed more than 10 days after judgment deemed to have been brought pursuant to Rule 60(b)); *Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757, 762 (7th Cir.2001) ("When a motion to alter or amend a judgment under Rule 59(e) ... is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion.").... Cases are legion for the proposition that a motion to reconsider is construed under Rule 59(e) if filed within the 10- day window, but that it is deemed a Rule 60(b) motion if filed thereafter.... It is plain that a motion to reconsider filed 11 days post-judgment is a Rule 60(b) motion and is therefore barred from consideration under *Gonzalez 's* interpretation of the second or successive habeas petition provision of AEDPA. That being the undisputable law...  it is difficult to fathom why a substantively identical motion filed 10 days post-judgment (and therefore classified under Rule 59(e)) should not also be barred under the same reasoning.

> ... With regard to the AEDPA policy considerations animating *Gonzalez*, why should it matter whether the Request was delivered to prison authorities on July 16 or July 17? Stated differently, Gonzalez unquestionably would compel the dismissal of Aird's Request as an unauthorized successive petition had he given it to prison authorities for mailing on or after July 17, because it would have been a Rule 60(b) motion filed on grounds other than clerical error or fraud. If the Request would necessarily have been the functional equivalent of a successive petition on July 17, was it not also the functional equivalent of a successive petition on July 16? To call it anything other than a successive petition on July 16, while deeming it a successive petition on July 17, would appear to create a wholly

artificial distinction that cannot be justified by the reasoning of *Gonzalez*.

... [C]ourts in other jurisdictions have wrestled with the issue of how to treat Rule 59(e) filings in the habeas context. Many of those courts have deemed Rule 59(e) petitions jurisdictionally barred under AEDPA for the same reason that analogous filings under Rule 60(b) are precluded. *See, e.g., United States v. Bovie,* 2001 WL 863578, *1 (10th Cir. July 31, 2001) ("We see no distinction between the Rule 60(b)(6) motions in those cases and the Rule 59(e) motion filed by Mr. Bovie here" for purposes of successive petition analysis); *Peterson v. Brennan*, 2004 WL 1505253, *5 n. 9 (E.D.Pa. June 15, 2004) (noting that both Rule 59(e) and Rule 60(b) trigger the AEDPA limitation on successive petitions); *United States v. Culp*, 2001 WL 789417, *1 (D.Kan. May 3, 2001) (construing post-judgment Rule 59(e) motion as a second § 2255 petition under AEDPA); *Bisaccia v. United States,* 2000 WL 1677747, *1 (E.D.N.Y. Sept.18, 2000) ("Rule 59 is no more available than Rule 60 as a vehicle for circumventing the statutory bar to successive § 2255 petitions"); *Alley v. Bell,* 101 F.Supp.2d 588, 669 (W.D.Tenn.2000) (where Rule 59(e) motion reiterates claims previously rejected, its character places it within category of cases proscribed by successive petition doctrine); *United States v. Anderson*, 1998 WL 512991, * 1 (E.D.La. Aug.14, 1998) (construing Rule 59(e) motion as a second § 2255 petition). [FN8] These courts' rationale for interpreting Rule 59(e) motions in this manner echoes the *Gonzalez* reasoning in the Rule 60(b) context; indeed, in articulating the same analysis that later carried the *Gonzalez* majority, one court explained: "To permit the defendant to proceed on the merits of his claims by restyling his request as a motion to alter and amend the court's decision on his initial collateral attack and proceeding as if the AEDPA did not exist, would render § 2255 ineffectual." *Culp*, 2001 WL 789417, at *1.

FN8. The Court is cognizant that case law is not unanimous on this point. *See Curry v. United States*, 307 F.3d 664, 665 (7th Cir.2002) (declaring that Rule 59(e) motions are not subject to statutory limitations on successive collateral attacks on criminal judgments because such motions do not seek collateral relief).

In light of the foregoing analysis and authorities, it is the opinion of this Court that the *Gonzalez* jurisdictional prohibition on Rule 60(b) motions in the habeas context applies with equal force to Rule 59(e)

> motions. As such, the Court lacks jurisdiction to consider Aird's motion to reconsider, and must dismiss same.

*Aird v. United States*, 339 F.Supp.2d 1305, 1309-10 (S.D. Alabama, 2004)(footnotes omitted); *see also United States v. Lambros,* 404 F.3d 1034, 1036-37 (8th Cir. 2005); *McAffee v. United States*, 2006 WL 563122 (M.D.Fla March 8, 2006)(applying *Gonzalez* to Rule 59); *Milovanic v. United States*, 2006 WL 334209 (M.D. Fla. February 13, 2006)(same).

As discussed, petitioner's motions "attack[].. the substance of [this Court's] resolution of [his] claim on the merits," and not a "defect in the integrity of the federal habeas proceedings." *Id.,* at 2648. Therefore, under *Gonzalez v. Crosby, supra*, petitioner's motion to alter or amend judgment and his supplemental motion to alter or amend judgment are properly construed as a successive petition for which petitioner must obtain authorization for filing from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. §2244(b)(3)(A); *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*).

That said, assuming that this Court has jurisdiction to consider petitioner's motions under Federal Rule of Civil Procedure 59, petitioner has failed to provide any basis for relief. All of petitioner's arguments have already been considered, and rejected, by this Court in its dismissal of the instant habeas corpus petition.

For all of the foregoing reasons, petitioner's motion to alter or amend judgment, Doc. No. 31, and his supplemental motion to amend judgment, Doc. No. 32, pursuant to Federal Rule of Civil Procedure 59 are **DENIED**.

**IT IS SO ORDERED.**

    /s/ George C. Smith
GEORGE C. SMITH
United States District Judge