IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIM L. BANKS,**

    **Petitioner,**

    v.                                          **CASE NO. 2:05-cv-00697**
                                                    **JUDGE SMITH**

**JEFFREY WOLFE, Warden,**                **MAGISTRATE JUDGE KEMP**

    **Respondent.**

**OPINION AND ORDER**

On August 8, 2006, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's August 31, 2006, request for a certificate of appealability and request to proceed *in forma pauperis* on appeal. Doc. Nos. 34, 35. For the reasons that follow, petitioner's requests are **DENIED**.

In his habeas corpus petition, petitioner asserts:

> 1. Petitioner was denied the right to confrontation as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution when testimonial hearsay is admitted through state witnesses.
>
> 2. Petitioner was denied due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution because the State of Ohio failed to prove each and every element for the crime of abduction.
>
> 3. Petitioner was denied the Fifth Amendment right to a fair trial, and right to present a defense, along with the Sixth Amendment right to confrontation as guaranteed by the United States Constitution when the trial court improperly truncated the cross examination of the main prosecution witness.

> 4. Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution for failure to call a necessary witness.
>
> 5. Petitioner was denied equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution when he was denied counsel on his first appeal as a [sic] right.
>
> 6. Petitioner was denied a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution because of the cumulative effects of prosecutorial misconduct.
>
> 7. Petitioner was denied due process as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution because the State of Ohio failed to turn over exculpatory evidence.
>
> 8. Petitioner was denied due process as guaranteed by the Fourteenth Amendment to the United States Constitution when the trial court delivered a special jury instruction that was incomplete, relieving the burden of persuasion beyond a reasonable doubt on the crime's essential charge.
>
> 9. Petitioner was denied due process as guaranteed by the Fourteenth Amendment to the United States Constitution because the trial court was biased or prejudiced.
>
> 10. Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution when trial counsel failed to point out inconsistencies in the testimony of prosecution witnesses during cross examination and ...deliver[ed] a closing argument which was detrimental to the petitioner.
>
> 11. The cumulative effect of the above errors deprived petitioner, Tim L. Banks, of a fair trial as guaranteed by the Ohio and United States Constitution's due process clauses.
>
> 12. Petitioner was denied the rights of a trial by jury and due process guaranteed by the Ohio and United States Constitution when the trial court erred by imposing a term greater than the minimum sentence for a person with no history of imprisonment based on facts not found by a jury or admitted by petitioner.

On August 8, 2006, claim three was dismissed because petitioner failed to present such claim to the

state courts as federal constitutional issue and because such claim was procedurally defaulted and without merit; claims six, and eight through twelve were dismissed as procedurally defaulted; and claims one, two, and seven were dismissed on the merits.

Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 120 S.Ct. 1595 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel, supra*, 529 U.S. at 483. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court concludes that petitioner has failed to establish either

3

that reasonable jurists would debate whether the District Court was correct in its procedural rulings, or whether the petition states a valid claim of the denial of a constitutional right. *See id.* Petitioner's request for a certificate of appealability therefore is **DENIED**.

The Court must also consider petitioner's motion for leave to proceed *in forma pauperis* on appeal. Pursuant to 28 U.S.C. §1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. *See also* Federal Rule of Appellate Procedure 24(a)(3)(A):

> A party who was permitted to proceed *in forma pauperis* in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith[.]

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that the appeal is not in good faith. Therefore, petitioner's request to proceed *in forma pauperis* on appeal is also **DENIED**.

**IT IS SO ORDERED.**

    /s/ George C. Smith  
GEORGE C. SMITH  
United States District Judge